UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

September 23, 2009

Paul R. Schlitz, Esq.
Jenkins Block & Assocs. P.C.
1040 Park Avenue
Baltimore, MD 21201

Allen F. Loucks, AUSA
36 South Charles Street
4th Floor
Baltimore, MD 21201

**Re: Sean Smoot v. Michael J. Astrue, Commissioner of Social Security, PWG-07-3417**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Smoot's claim for Supplemental Security Income ("SSI"). (Papers No. 8,24,27). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court **DENIES** the Plaintiff's Motion and **GRANTS** the Commissioner's Motion.

Mr. Smoot (sometimes referred to as "Claimant") filed an application for Supplemental Security Income ("SSI") on April 27, 2005, alleging that he became disabled on April 1, 2005, due to multiple sclerosis ("MS").(Tr. 11,66). After his claim was denied initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable Robert W. Young. (Tr. 24-33,243-280). In a decision dated August 31, 2007, the ALJ found that although his MS was a "severe impairment" it did not meet or equal a listed impairment for a period of 12 months. The ALJ found that as of February 2006, the Claimant retained the residual functional capacity ("RFC") to perform a range of light work. The ALJ also found Claimant was able to perform his past relevant work ("PRW") as a barber. Accordingly the ALJ denied Mr. Smoot's claim. (Tr. 11-18). On October 26, 2007, the Appeals Council denied Mr. Smoot's request for review, making the ALJ's decision the final, reviewable decision of the Commissioner.(Tr. 4-6). This appeal followed.

The Commissioner's decision must be upheld if supported by

substantial evidence which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. §405(g) (1998); *see also King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner which applies an improper standard, or misapplies the law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Following its review this Court may affirm, modify or reverse the Commissioner, with or without a remand. *See* 42 U.S.C.§405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Claimant presents two arguments in support of his contention that the ALJ's decision that he was not entitled to a closed period of disability[1] is not supported by substantial evidence. For the reasons that follow, I disagree and AFFIRM the ALJ's decision.

First, Claimant argues that the ALJ erred by failing properly to evaluate his obesity in determining whether he was disabled. The Court is not persuaded that the ALJ failed to consider the effects of Mr. Smoot's weight pursuant to SSR 02-1p. Mr. Smoot argues that because he had a Body Mass Index "BMI"[2] of over 30, based on his height and weight, and his diagnosis of MS, the ALJ should have given adequate consideration to his obesity. *See* Plaintiff's Motion, pp. 2-3. A person's BMI is not conclusive evidence that they suffer from obesity, or more importantly, that it is a severe impairment. SSR 02-1p, in relevant part, states:
> "**There is no specific level of weight or BMI that equates with a "severe" or a "not severe" impairment**. Neither do descriptive terms for levels of obesity (e.g., "severe," "extreme," or "morbid" obesity) establish whether obesity is or is not a "severe" impairment for disability program purposes."

---

[1]Claimant argues that he is entitled to a period of disability benefits from April 1, 2005 to June 6, 2006. In June 2006 Mr. Smoot returned to full time employment as an emissions inspector at the Maryland Department of Motor Vehicles, although the evidence indicates that he actually started as a temporary employee in April, 2006. (Tr. 105).

[2] BMI is the ratio of an individuals weight in kilograms to the square of his or her height in meters. (kg/m2).

2

*See* SSR 02-1p   (2000 WL 628049, *4(S.S.A.))(Emphasis added).

The Claimant has not directed the Court's attention to -- nor does the Court find -- any notations made by Mr. Smoot's doctors, or the Agency reviewers, which concluded that his weight would adversely affect his ability to function. *See* 20 CFR §416.912 (Evidence of your impairment). In sum, I do not find that the ALJ failed to consider the effects of Mr. Smoot's alleged obesity in violation of SSR-02-1p.

Mr. Smoot also argues that there is no medical support for the ALJ's determination of his RFC and the ALJ erred by failing to consider properly the opinions of his treating physicians, Dr. Mody and Dr. Khurana.  For the reasons that follow, I find his arguments without merit.  A treating physician's opinion is given controlling weight when two conditions are met 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §416.927(d)(2). While treating source opinions on issues reserved to the Commissioner --such as determining a Claimant's RFC--are not entitled to controlling weight, the ALJ must still evaluate all of the evidence in the case record to determine the extent to which the physician's opinion is supported by the record as a whole. In this case, I find that the ALJ fulfilled this duty.  Claimant was diagnosed with MS shortly after he was hospitalized in April, 2005. There is no question that during his initial diagnosis and treatment Mr. Smoot suffered from various symptoms of MS including numbness, neck pain, problems walking, and equilibrium issues.  (Tr. 14). However, the ALJ found that Dr. Mody's opinions were entitled to no more than "little weight", because they were based on Claimant's symptoms during his April, 2005 hospitalization and were not relevant to the time period thereafter. (Tr. 14, 206).   As acknowledged by Claimant, Dr. Mody did not treat him after April 2005.  Claimant testified that he didn't like Dr. Mody, and so he switched to Dr. Khurana. (Tr. 260). The ALJ acknowledged that Mr. Smoot had symptoms of MS in April 2005, but ultimately determined that these symptoms did not last for a period of 12 months, as required by the Regulations.  After careful review of the record in this case I find that ALJ's decision is supported by substantial evidence.   For example, Dr. Khurana's treatment notes reveal that Claimant's condition improved as early as October 2005, 6 months after his alleged onset date.   (Tr. 223-228, 237-242).   Then in February, 2006, the doctor noted that Claimant was better.  When viewed in it's entirety, as is required, the evidence in the record supports the ALJ's determination to afford little weight to Dr. Mody's opinion and that Claimant did not qualify for a closed period of benefits.

3

Therefore, I am **DENYING** Plaintiff's Motion for Summary Judgment, and **GRANTING** Defendant's Motion for Summary Judgment. A separate Order shall issue.

DATED: 9/23/09                                   ___/s/_____
                                                  Paul W. Grimm
                                                  United States Magistrate Judge

4